UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 4:19 CR 00367 ERW |
| v. ) | |
| ) | |
| JOHN RALLO, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S OBJECTIONS TO THE
PRESENTENCE INVESTIGATION REPORT**

Comes now the United States of America, by and through James Crowe, Jr., Attorney for the United States, and Hal Goldsmith, Assistant United States Attorney for the Eastern District of Missouri, and for its Response to Defendant's Objections to the Presentence Investigation Report ("PSR") (Doc. 29), states to this Honorable Court as follows:

1.  Defendant objects to the PSR's finding at paragraph 68 that he is second most culpable in the overall scheme, next to related defendant Steven Stenger. Defendant points to a third related defendant, former Stenger Chief of Staff William Miller, to suggest that Miller was more culpable in the overall scheme than defendant Rallo. What defendant Rallo fails to acknowledge is that he was the ongoing and continuous "quid" in the "quid pro quo" scheme involving Stenger. But for the fact that Stenger was the elected public official who illegally accepted Rallo's money in exchange for official acts, it would be the government's position that Stenger and Rallo, as both ends of the "quid pro quo" scheme, are equally culpable. But, of course, Stenger was more culpable due to his official position. While Miller participated in the illegal scheme, he did so for a relatively short period of time following his hiring as Chief of Staff in December 2017. Defendant Rallo, on the other hand, participated in the illegal pay to play scheme from its inception, when he made his initial illegal payment of $5,000 to Stenger

1

at a South St. Louis County steakhouse on October 23, 2014, through the end of 2017. Defendant Rallo participated in, and received the benefit of the illegal scheme relative to several of the illegal sub-schemes which involved his various companies, Cardinal Insurance, Cardinal Creative Consulting, and Wellston Holdings, LLC.  Additionally, while it is the government's position that defendant Rallo is the second most culpable defendant in the overall scheme, it should be noted that the United States Probation Office included that finding in the PSR based upon that Office's independent review of the underlying facts and circumstances in this case. The finding contained within the PSR is accurate.

2. Defendant Rallo also objects to paragraph 91 of the PSR, classifying his conduct relative to a Missouri Securities Commission investigation as "Other Criminal Conduct."  The government has no position as to the PSR technical classification of this conduct, whether this is appropriately classified as criminal or civil fraudulent conduct.  The government notes, however, that the defendant does not object to the matters set forth in paragraph 91.  It is the government's position that, however the PSR classifies this information, it should be considered relative to the history and characteristics of this defendant.

WHEREFORE, the United States of America prays that this Honorable Court consider its Response to Defendant's Objections to the PSR, and for such other relief as this Court deems appropriate and just under the circumstances.

>Respectfully submitted,
>
>JAMES CROWE, JR.
>Attorney for the United States
>
>*/s/Hal Goldsmith*
>HAL GOLDSMITH #32984
>Assistant United States Attorney
>111 S. 10th Street, Room 20.331
>St. Louis, Missouri  63102
>(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the defendant's counsel of record.

>*/s/ Hal Goldsmith*
>HAL GOLDSMITH
>Assistant United States Attorney