# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CR-00367-ERW |
| ) | |
| JOHN RALLO, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant John Rallo's ("Defendant") Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i) ("Motion") [73], *pro se* Motion for Compassionate Release ("*pro se* Motion") [76], and Defendant's First Amended Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i) ("Amended Motion") [77]. The government opposes the motions. ECF Nos. 74, 78, 83. The probation office also filed a report indicting Defendant did not meet the criteria to warrant a sentence reduction. ECF No. 75. In addition, the Court is in receipt of a letter written by Defendant to the Court. ECF No. 81. Upon review of Defendant's motions, the Government's responses, the report prepared by the probation office, and Defendant's letter, the Court will respectfully deny Defendant's motions for compassionate release.

### I.     BACKGROUND

Defendant entered a guilty plea on July 16, 2019 to three counts of Mail Fraud. ECF No. 23. On March 5, 2020, this Court sentenced Defendant to 17 months' imprisonment with the Federal Bureau of Prisons ("BOP"), to be followed by a 2-year term of supervised release. ECF No. 60.

Defendant is currently confined at the minimum-security satellite camp adjacent to the United States Penitentiary in Marion, Illinois ("USP Marion") with a projected release date of September 5, 2021. *See* Federal BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Oct. 30, 2020).

At present, Defendant is 55 years old. ECF No. 83-1. Defendant has a history of thyroid cancer and is on thyroid replacement therapy and has a history of Methylenetetrahydrofolate Reductase ("MTHFR"), a gene mutation which makes his blood more prone to clotting. *Id.* In addition, Defendant tested positive for COVID-19 in August. *Id.* Defendant argues these medical conditions place him at a heightened risk for serious illness or death from infection or reinfection. *Id.*

Defendant asserts in his Amended Motion he requested compassionate release from the warden on July 7, 2020. ECF No. 77. Defendant argues 30 days have passed since the warden received his request and therefore the Court has the authority to rule on his request. *Id.*

## II.  LEGAL STANDARD

The First Step Act of 2018 was enacted on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. As amended by the First Step Act, 18 U.S.C. § 3582(c), commonly referred to as the compassionate release statute, provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the

2

>factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>(i) extraordinary and compelling reasons warrant such a reduction;
>
>. . .
>
>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

The United States Sentencing Commission ("the Commission") is tasked with determining what should be considered an extraordinary and compelling reason. *See* 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."). The applicable policy statement is United States Sentencing Guideline ("U.S.S.G.") § 1B1.13, Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A).[1]

Under U.S.S.G. § 1B1.13, the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." In Application Note 1 to § 1B1.13, the Commission identifies "extraordinary and compelling reasons" to include the following: (A) the medical condition of the defendant; (B) the defendant's age (at least sixty-five years old); (C) family circumstances such as the death or incapacitation of the caregiver of the

---

[1] The Sentencing Guidelines and its commentary predates the First Step Act. "As the Sentencing Commission lacks a quorum to amend the U.S. Sentencing Guidelines, it seems unlikely there will be a policy statement applicable to [compassionate-release] motions brought by defendants in the near future." *United States v. Rodd*, 966 F.3d 740, 746 n.7 (8th Cir. 2020) (quoting *United States v. Beck*, 425 F. Supp. 3d 573, 579 n.7 (M.D.N.C. 2019)).

3

defendant's minor children; or (D) other reasons as determined by the Director of the BOP other than, or in combination with, the reasons described in subdivisions (A) through (C).  U.S.S.G. § 1B1.13, Application Note 1.[2]

"The district court has broad discretion in determining whether proffered circumstances warrant a reduction in sentence." *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020).  Ultimately, the burden is on the defendant to prove a sentencing reduction is warranted.  *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

### III.  DISCUSSION

Defendant, a 55-year-old man who has a history of both thyroid cancer and gene mutation, and who recently recovered from COVID-19, argues his continued incarceration places him in exceptional danger because of his pre-existing health conditions.  ECF No. 77.  Defendant's Motion requests "an order releasing Defendant on time served and placing Defendant on Supervised Release with special conditions of home confinement, the location monitoring program and for such other conditions as this Honorable Court deems appropriate under the circumstances."  ECF No. 73 at p. 5-6.  Defendant's Amended Motion states, "Mr. Rallo's request is not an attempt to avoid serving his sentence but instead, is a request to serve his sentence in home confinement so he can receive the medical care he needs and serve his confinement in an environment that will not place him in a greater likelihood of illness or death due to his preexisting medical conditions."  ECF No. 77 at p. 2-3.

The government asserts the motion for compassionate release must be denied because Defendant failed to identify an "extraordinary and compelling reason," failed to demonstrate he

---

[2] The Court is not bound to follow these "extraordinary and compelling reasons" but may consider them in ruling on a motion for compassionate release.

4

no longer poses a significant danger to the community, and failed to show the sentencing factors under 18 U.S.C. § 3553(a) weigh in favor of release.  ECF No. 74 at p. 4.

### A. Exhaustion of Administrative Remedies

As a threshold matter, the Court must examine whether Defendant has satisfied the requirement under 18 U.S.C. § 3582(c)(1)(A) that he fully exhaust his administrative rights.  Section 603(b) of the First Step Act permits a defendant to bring a motion for compassionate release before the Court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  § 3582(c)(1)(A).

According to report filed by the probation office, Defendant failed to administratively file a request with the warden before filing his Motion.  However, Defendant's counsel subsequently filed a letter on behalf of Defendant on July 7, 2020, requesting relief from the Bureau of Prisons under 18 U.S.C. § 3582 (c)(1)(A).  Defendant argues he met the requirement under § 3582(c)(1)(a) to bring a motion before the Court because after he filed his request with the warden, more than 30 days passed without a response, after which he filed his Amended Motion.  Thus, as Defendant has shown the "lapse of 30 days from the receipt of [his] request by the warden," the Court concludes Defendant has met the statutory pre-requisite to filing his motion directly with this Court.

### B. Extraordinary and Compelling Reasons

Although the Court concludes Defendant's Amended Motion is properly before this Court, Defendant is nevertheless unable to meet his burden to show he qualifies for compassionate release.  Defendant argues the risk of serious illness or death from the pandemic,

5

together with his underlying medical conditions and age, present an extraordinary and compelling basis for a reduction in sentence.

While the Court is sympathetic to Defendant's fears of complications from the virus or possible reinfection, nothing in Defendant's Motion or Amended Motion demonstrates the BOP is unable to adequately treat Defendant while he is incarcerated. *See United States v. Somers*, No. CR 18-96 (DWF), 2020 WL 5097097, at *3 (D. Minn. Aug. 28, 2020) (finding that the defendant who had contracted COVID-19 twice and since recovered failed to establish an extraordinary and compelling reason for release).

Here, there is no evidence the BOP has been unable to manage Defendant's health conditions. As Defendant acknowledges, he already contracted COVID-19. ECF No. 83-1. The medical records provided indicate Defendant has been receiving follow-up care, and his health is unremarkable. *Id.* If Defendant were to suffer medical complications, the BOP could release him for treatment via a medical furlough. *See* 18 U.S.C. § 3622(a)(3). As a result, Defendant has failed to show there are extraordinary and compelling circumstances warranting early release.

### C. 18 U.S.C. § 3553(a) Factors

Even if extraordinary and compelling reasons support Defendant's request for a sentence reduction, when considering a motion for compassionate release the Court must "consider the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" as well as the need for the sentence imposed, *inter alia*, "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense." 18 U.S.C. § 3553(a). The Court must also consider "the need to

6

avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.*

The Court finds after reviewing the § 3553(a) factors that Defendant has failed to carry his burden for release. Defendant was sentenced to 17-months' imprisonment in January 2020 for Mail Fraud as a result of his participation in a scheme to defraud the citizens of St. Louis County from the honest services of their public officials and specifically the honest services of St. Louis County Executive Steven Stenger. ECF No. 54. Defendant engaged in a *quid pro quo* agreement with Steven Stenger, beginning in October 2014 when Defendant made a campaign contribution of $5,000 to Steven Stenger with the understanding if elected, Steven Stenger would help Defendant get insurance contracts with St. Louis County. ECF No. 24 at p. 5. Steven Stenger was elected County Executive, and Defendant continued to make political donations to Executive Stenger through 2018 when the fraud was uncovered. *Id.* When reviewing the nature and circumstances of the offense, these factors do not weigh in favor of release.

Additionally, allowing Defendant to be released now after serving only a fraction of his sentence would not reflect the seriousness of his offense nor provide just punishment for his offenses. It also would give rise to unwarranted sentencing disparities. The guideline range at Defendant's sentencing hearing recommended Defendant be sentenced to between 21- and 27-months' imprisonment. ECF No. 54. The Court departed downward and sentenced Defendant to 17-months. To date, Defendant has served approximately 4 months in custody. The Court finds the 3553(a) factors weigh against release of Defendant.

### D. *Home Confinement*

The Court further notes it lacks authority to order the BOP to allow Defendant to serve the remainder of his sentence on home confinement, as the designation of "placement for the

7

remainder of [Defendant's] sentence is vested solely within the discretion of the BOP," and the First Step Act did not change that.[3] *United States v. Clausen*, No. CR 16-256 (MJD/LIB), 2020 WL 1442852, at *1 (D. Minn. Mar. 24, 2020).

### IV.   Conclusion

This Court finds, in addition to Defendant's failure to establish extraordinary and compelling circumstances, the factors set forth in 18 U.S.C. § 3553(a) weigh against release. For all reasons cited, the Court will deny Defendant's requests for compassionate release.

Accordingly,

**IT IS HEREBY ORDERED** that John Rallo's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i) [73], *pro se* Motion for Compassionate Release [76], and Amended Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i) [77] are **DENIED without prejudice.**

Dated this 5th day of November, 2020.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] While this Court could order Defendant to remain at his residence under electronic monitoring as a condition of supervised release, doing so would first require this Court to grant a reduction in Defendant's sentence.